# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GLORIA J. SANFORD,
               Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
               Agency.

DOCKET NUMBER
DE-1221-17-0176-W-1

DATE: February 24, 2023

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

<u>Gloria J. Sanford</u>, Littleton, Colorado, pro se.

<u>Patrick A. Keen</u>, Shreveport, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        As further detailed in the initial decision, the appellant filed the instant appeal, seeking to challenge the purported inaction of the Office of Special Counsel (OSC) on a complaint she filed involving the Department of Veterans Affairs (the agency).  Initial Appeal File (IAF), Tab 1 at 1, 5, Tab 22, Initial Decision (ID) at 1.  The administrative judge construed the matter as an IRA appeal against the agency.  IAF, Tab 3 at 1; ID at 1-2.

¶3        The administrative judge issued an initial decision that explained the Board's jurisdictional limitations in IRA appeals and instructed the appellant to meet her jurisdictional burden.  IAF, Tab 3.  After both parties responded to the order, IAF, Tabs 5-6, 10-15, 17-19, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, ID at 6.  He found that the appellant failed to prove that she first exhausted any retaliation claim with OSC before coming to the Board.  ID at 4-6.

¶4        After the administrative judge issued the initial decision, the appellant filed numerous pleadings that were rejected as untimely.  IAF, Tabs 25-29.  The appellant then filed this petition for review, in which she stated the following, without argument:  "I am requesting a review based on all the information I

detailed and sent . . . on March 17, 2017." Petition for Review (PFR) File, Tab 1 at 3. The reference to March 17, 2017, implicates some of the aforementioned pleadings, which were rejected and are not part of the existing record. IAF, Tabs 26-28.

¶5    The Office of the Clerk of the Board provided the appellant with an opportunity to supplement her petition for review, which she did. PFR File, Tabs 2-3. That supplement contains arguments suggesting that the administrative judge erred in denying the appellant's motion for recusal and he should have permitted further argument on that motion. PFR File, Tab 3 at 3. The supplement does not contain any arguments concerning her failure to establish Board jurisdiction. *Id.* Although the appellant submitted several additional pleadings and an improper motion for leave to submit an additional pleading before the agency filed its response to her petition, these were rejected. PFR File, Tabs 4-8, 10; *see* 5 C.F.R. § 1201.114(a)(5). Thereafter, the agency filed its timely response to the appellant's petition, and she replied. PFR File, Tabs 11-12.[2]

¶6    A petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). Under the Board's regulations, a petition for review must identify specific evidence in the record demonstrating any alleged erroneous findings of material fact and explain why the challenged factual determinations are incorrect. 5 C.F.R. § 1201.115(a).

---

[2] Before the agency filed the response to the petition for review, the appellant also filed a proper motion for leave to submit an additional pleading, asserting that she has evidence supporting recusal of the administrative judge and a "new adjudication." PFR File, Tab 9. Because the appellant admits in her motion that she was aware of the additional information she seeks to submit at the time she filed her petition for review, we deny her motion for leave as the appellant could have included this information in her petition for review or supplement.

¶7        Because the appellant has filed her petition for review pro se, we have construed it liberally. *Harper v. Office of Personnel Management*, 116 M.S.P.R. 309, ¶ 9 (2011). Nevertheless, we are unable to discern any specific challenges she makes to the administrative judge's jurisdictional findings.

¶8        As the administrative judge correctly recognized, an appellant's jurisdictional burden in an IRA appeal includes proving that she exhausted her administrative remedies with OSC. IAF, Tab 3 at 2; ID at 2-3; *see Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 15 (2013). The Board has consistently held that it may only consider the specific allegations of reprisal which have been presented to OSC. *E.g.*, *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 14 (2004). In this case, the administrative judge found that the appellant failed to meet the exhaustion requirement because she provided minimal evidence of correspondence with OSC and none that involved allegations of retaliation. ID at 3-5. We discern no basis for concluding otherwise. *See, e.g.*, IAF, Tab 1 at 5, Tab 19 at 5.

¶9        Separately, we have considered the appellant's arguments concerning recusal, including those asserted below. PFR File, Tab 3 at 3; IAF, Tab 20 at 4. In short, the appellant argued that the administrative judge could not be impartial in the instant appeal because the appellant requested review of his dismissal in another Board appeal. IAF, Tab 20 at 4 (referencing *Sanford v. Department of the Interior*, MSPB Docket No. DE-3443-17-0175-I-1). We disagree.

¶10        In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding will warrant a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed.

Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant has failed to identify anything of the sort.

¶11        Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.